ACCEPTED
01-15-00705-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/8/2015 2:09:36 PM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00705-CV

In the Court of Appeals
For the First Judicial District of Texas
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/8/2015 2:09:36 PM

~~CHRISTOPHER A. PRINE~~
Clerk

### Jay H. Cohen,
Appellant

v.

### Tour Partners, Ltd.; Dennis J. Wilkerson; and Eighteen Investments, Inc.,
Appellees

On Appeal from Cause No. 2013-68181
In The 55th District Court of Harris County, Texas
The Honorable Judge Shadwick, Presiding

### Appellees' Response to Appellant's Motion for Extension

**Hawash Meade Gaston
Neese & Cicack LLP**

Walter J. Cicack
Texas Bar No. 04250535
Samuel B. Haren
Texas Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
wcicack@hmgnc.com
sharen@hmgnc.com

**Attorneys for Appellees
and Cross Appellant**

Appellant Jay H. Cohen's opening brief was due on November 13, 2015. He did not file one until December 8, 2015. His excuses for his tardiness are vague and self-contradictory, and the Court should not permit him to file his late brief.

**Background**

Cohen and Cross-Appellee Tour Partners, Ltd. ("Tour Partners") were involved in related lawsuits before the 55th and 269th District Courts of Harris County, Texas (the "55th Case" and "269th Case," respectively). The 55th Case led to the instant appeal. Cohen's appeal of the 269th Case was docketed in the Fourteenth Court of Appeals as Cause Number 14-15-00392-CV. Cohen requested and received three extensions of his briefing deadline, but he never filed his opening brief—or even a fourth request for extension—in that appeal. *See* Exhibit 1, 14th Court Motion to Dismiss (detailing Cohen's history of extensions). The Fourteenth Court dismissed Cohen's appeal of the 269th Case on November 10, 2015. *See* Exhibit 2, 14th Court Memorandum Opinion.

Cohen's opening brief was due in the instant appeal on November 13, 2015. Cohen did not meet that deadline. Tour Partners filed a Motion to Dismiss on November 23, 2015, which is incorporated herein. On November 24, 2015, the Court issued a Notice of Late Brief which warned Cohen that his appeal could be dismissed unless he filed a brief and motion for extension by December 4, 2015. That notice further stated that an untimely brief would only be accepted if Cohen could

"reasonably explain [his] failure to timely file [his] brief" and if Tour Partners "is not significantly injured" by Cohen's failure to comply with his briefing deadline. Cohen missed that deadline as well.

On December 8, 2015, Cohen filed his brief and motion for extension (the "Motion"). But his Motion does not offer a reasonable explanation for his failure to meet his briefing deadline.

## Discussion

**I.      Cohen's explanations for his untimely brief are vague and contradictory.**

According to Cohen, he should be excused from his briefing deadline because (1) he was too sick to file a timely motion for extension and (2) he has been too busy to timely file a motion for extension. That is, Cohen says he was unable to draft a two-page motion for extension despite having the time and ability to try a case, prepare for three other trials, attend two mediations, participate in a tax protest hearing, prepare for and conduct an involved shareholder meeting, respond to discovery, and perform "[v]arious other time-sensitive matters for clients." *See* Motion at 3–4. Apparently, filing a motion to extend a briefing deadline in this Court was not one of those a "time-sensitive matters" Cohen's attorney—or his partner— chose to perform.

Cohen's Motion does not list all of the relevant "other matters" on which his attorney worked. For example, Cohen's counsel was not so ill as to prevent him from

2

filing a motion to extend in his case against Tour Partners in the Fourteenth Court on September 9, 2015, nor was he too busy to file a new lawsuit on behalf of Cohen on October 22, 2015. *See* Exhibit 3, Third Motion for Extension; Exhibit 4, Cohen's District Court Petition. Moreover, Cohen's attorney further fails to explain how his illness and family matters prevented him from filing a timely motion for extension or contacting Tour Partners regarding his predicament but did not prevent him from completing the tasks described in his Motion as well as the "[v]arious other time-sensitive matters for clients." In short, Cohen has failed to provide a "reasonable explanation" for his delay.

## II.     Tour Partners would be injured if Court accepts Cohen's untimely brief.

Tour Partners has filed a cross appeal in this case.[1] That appeal would provide an alternative basis to uphold the trial court's ruling in the event Cohen would otherwise succeed in the instant appeal. If Cohen does not succeed in his appeal, Tour Partner's cross appeal will be moot. Because Cohen's other appeal was dismissed by the Fourteenth Court, Tour Partners asked Cohen on November 16, 2015 whether he intended to file a brief in this appeal. *See* Exhibit 8,

---

[1] Tour Partners won both the 55th and 269th Cases on summary judgment. *See* Exhibit 5, 269th Summary Judgment Order; Exhibit 6, 55th First Summary Judgment Order. After the 269th Court issued a final judgment, Tour Partners filed a supplemental motion for summary judgment in the 55th Case based on *res judicata*. Because Tour Partners had already defeated Cohen's claims, the 55th Court denied that supplemental motion as moot. *See* Exhibit 7, 55th Second Summary Judgment Order.

Correspondence. Cohen did not respond to that email, nor did he (1) explain his difficulties in filing a brief nor (2) ask Tour Partners to agree to an extension.[2] Had he done so in a timely manner, Tour Partners would have certainly considered agreeing to an extension based on the health of Cohen's attorney. Tour Partners agreed to Cohen's first request for an extension in the Fourteenth Court of Appeals, demonstrating its reasonableness in these matters. *See* Exhibit 9, Cohen's First Motion for Extension.

Due to the Fourteenth Court's dismissal of Cohen's other appeal and Cohen's lack of any indication that he intended to file a brief or seek an extension in this appeal, Tour Partners correctly surmised that Cohen did not intend to file a timely brief in this case. As a result, Tour Partners did not undertake the time and expense of drafting an unnecessary brief. If Cohen is allowed to file his untimely brief, Tour Partners will not be able to present its cross appeal unless the Court grants it leave to do so.

## Conclusion

Cohen did not file his brief or Motion until well after the deadline. As detailed in Tour Partners' previously-filed Motion to Dismiss, Cohen is a serial-offender in this regard. Cohen has not provided a cogent or reasonable explanation for his

---

[2] Cohen's certificate of conference notwithstanding, he has not communicated with Tour Partners at all regarding his briefing in this case, let alone conferred on his request for an extension of his briefing deadline.

failure, and allowing Cohen to file an untimely brief would harm Tour Partners. Tour Partners prays that the Court dismiss Cohen's appeal, issue a final judgment, and grant Tour Partners all other relief to which it is entitled.

In the event the Court accepts Cohen's untimely brief, Tour Partners asks for fourteen (14) days to file its opening brief on its cross appeal.

Respectfully submitted,

**Hawash Meade Gaston Neese & Cicack LLP**

*/s/ Walter J. Cicack*
Walter J. Cicack
Texas Bar No. 04250535
Samuel B. Haren
Texas Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
wcicack@hmgnc.com
sharen@hmgnc.com

**Attorneys for Appellees and Cross-Appellant**

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served on

the following via Electronic Service, on December 8, 2015:

George F. May
Twomey | May, PLLC
2 Riverway, 15th Floor
Houston, Texas 77056
george@twomeymay.com

**Attorney for Appellant**
**Jay H. Cohen**

/s/ Samuel B. Haren
Samuel B. Haren

ACCEPTED
14-15-00392-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
10/19/2015 2:51:00 PM
CHRISTOPHER PRINE
CLERK

## No. 14-15-00392-CV

In the Court of Appeals
For the Fourteenth Judicial District of Texas
Houston, Texas

**Jay H. Cohen,**
Appellant

v.

**Tour Partners, Ltd.,**
Appellee

On Appeal from Cause No. 2013-41051
In The 269th District Court of Harris County, Texas
The Honorable Judge Hinde, Presiding

### Tour Partners' Motion to Dismiss for Want of Prosecution

**Hawash Meade Gaston
Neese & Cicack LLP**

Walter J. Cicack
Texas Bar No. 04250535
Samuel B. Haren
Texas Bar No. 24032854
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
wcicack@hmgnc.com
sharen@hmgnc.com

**Attorneys for Appellee
Tour Partners, Ltd.**

# Exhibit 1

Appellant Jay H. Cohen ("Cohen") has received three extensions of his briefing deadline. Despite these extensions, Cohen still has not filed his brief. As demonstrated below, the Court should dismiss Cohen's appeal for want of prosecution.

## Background

The initial clerk's record was filed on June 10. Cohen's opening brief was initially due on July 10. Cohen has requested three extensions of his briefing deadline:

- **First Extension:** Two days before his initial deadline, Cohen sought a thirty-one day extension based on his attorney's busy schedule. Appellee Tour Partners, Ltd. ("Tour Partners") did not oppose this request. The Court granted the thirty-one day extension.

- **Second Extension:** The day of the second deadline, Cohen sought a thirty-day extension based on his dissatisfaction with the contents of the Clerk's Record. Tour Partners did not oppose this request. The Court granted the thirty-day extension.

- **Third Extension:** The day of the third deadline, Cohen sought another extension based on his dissatisfaction with the Contents of the Clerk's Record. Because Cohen's own inattention to the file caused the lateness of the Clerk's Record, Tour Partners opposed this request. The Court (1) granted a thirty-six day extension and (2) warned that "**no further extensions will be granted absent exceptional circumstances** . . . ." Order Granting Third Motion to Extend (emphasis in original).

Cohen's final deadline to file his brief was Thursday, October 15. As of the afternoon of Monday, October 19, Cohen still has not filed his brief.

**Discussion**

"If an appellant fails to timely file a brief," Texas Rule of Appellate Procedure 38.8(a)(1) allows the Court to "dismiss the appeal for want of prosecution, unless the appellant reasonably explains the failure . . . ." Despite three extensions, Cohen has failed to timely file a brief.

According to Cohen, this failure was caused by Cohen's confusion over the contents of his own record:

> In reviewing the brief as drafted last week, ***I realized that it had been drafted assuming that no summary judgment evidence was excluded.*** The order granting in part some of your objections had not made it into the record. I immediately emailed Sam [Haren, attorney for Tour Partners,] and you to ask permission to include the order as a tab to the brief, which Sam indicated was not opposed.[1] To not mislead the Court, I then attempted to re-draft the brief to ensure that there was no error as to the summary judgment evidence admitted, and I also had to address the exclusions. The re-write was too significant (as you can imagine) to complete in time. I have redrafted the brief and will be filing it tomorrow with a motion to extend time to the filing date. Unless you tell me otherwise, I will assume you are opposed to the extension.

Exhibit 1, Email from May to Cicack at 1 (emphasis added). That is, Cohen failed to meet his fourth briefing deadline because he once again did not thoroughly examine the Clerk's Record until the evening his brief was due.[2]

---

[1] The request referenced by Cohen was sent at 5:24 p.m. on the October 15 briefing deadline. *See* Exhibit 1, Email from May to Cicack at 2. Tour Partners' counsel agreed to this request. *Id.*

[2] In assessing this inattention, the Court should note that Cohen's current appellate counsel also represented him at the time of the evidentiary ruling in question.

**Prayer**

Cohen has had three chances to file his brief on time. Tour Partners respectfully submits that the Court should not indulge Cohen's continued lack of diligence by granting him a strike four. Tour Partners prays that the Court dismiss Cohen's appeal for want of prosecution and grant Tour Partners all other relief to which it is entitled.

Respectfully submitted,

**Hawash Meade Gaston**
**Neese & Cicack LLP**

*/s/ Walter J. Cicack*
Walter J. Cicack
Texas Bar No. 04250535
Samuel B. Haren
Texas Bar No. 24032854
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
wcicack@hmgnc.com
sharen@hmgnc.com

**Attorneys for Appellee**
**Tour Partners, Ltd.**

## Certificate of Conference

I hereby certify that I have conferred with opposing counsel concerning the relief requested herein. Opposing counsel is opposed.

/s/ *Samuel B. Haren*
Samuel B. Haren

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served on the following via Electronic Service, on October 19, 2015:

George F. May
Twomey | May, PLLC
2 Riverway, 15th Floor
Houston, Texas 77056
george@twomeymay.com

**Attorney for Appellant
Jay H. Cohen**

/s/ *Samuel B. Haren*
Samuel B. Haren

**From:** George May <george@twomeymay.com>
**Sent:** Monday, October 19, 2015 12:32 PM
**To:** Walter Cicack; Sam Haren
**Subject:** RE: Cohen v. Preston, Tour Partners

Walter,

I am preparing for a shareholders' meeting for a corporate client today.

In reviewing the brief as drafted last week, I realized that it had been drafted assuming that no summary judgment evidence was excluded. The order granting in part some of your objections had not made it into the record. I immediately emailed Sam and you to ask permission to include the order as a tab to the brief, which Sam indicated was not opposed. To not mislead the Court, I then attempted to re-draft the brief to ensure that there was no error as to the summary judgment evidence admitted, and I also had to address the exclusions. The re-write was too significant (as you can imagine) to complete in time. I have redrafted the brief and will be filing it tomorrow with a motion to extend time to the filing date. Unless you tell me otherwise, I will assume you are opposed to the extension.

Should you wish to file a motion to dismiss, which I of course would oppose, please note the above for the Court. I am tied up today but available in the morning tomorrow if you wish to talk.

George F. May, BS, JD
Twomey | May, PLLC
2 Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000
(832) 201-8485 – Facsimile
george@twomeymay.com

NOTICE: This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

-----Original Message-----
From: Walter Cicack [mailto:wcicack@hmgnc.com]
Sent: Monday, October 19, 2015 11:59 AM
To: George May; Sam Haren
Subject: RE: Cohen v. Preston, Tour Partners

George, I just left you a message. I just want to make sure we did not miss something. If you filed something in the appeal of the Cohen case I did not get it. Assuming you did not file something, we will file a motion to dismiss and I wanted to see if you opposed. Please get back to me. Thanks

Walter Cicack
(713) 658-9003 (direct)

-----Original Message-----
From: Walter Cicack
Sent: Friday, October 16, 2015 4:35 PM
To: 'George May' <george@twomeymay.com>; Sam Haren <sharen@hmgnc.com>

# Exhibit 1

Subject: RE: Cohen v. Preston, Tour Partners

George, did you file something? We did not receive anything.

Walter Cicack
(713) 658-9003 (direct)

-----Original Message-----
From: George May [mailto:george@twomeymay.com]
Sent: Thursday, October 15, 2015 5:24 PM
To: Sam Haren <sharen@hmgnc.com>; Walter Cicack <wcicack@hmgnc.com>
Subject: Cohen v. Preston, Tour Partners

Sam and/or Walter,

Judge Hinde's order on your summary judgment objections did not make it into the record somehow. May I include a copy as a tab with the appendix?

George May
Twomey May, PLLC
Two Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000
(281) 201-8485 - fax
george@twomeymay.com

**Motion Granted; Appeal Dismissed and Memorandum Opinion filed November 10, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00392-CV

---

### JAY COHEN, Appellant

### V.

### TOURS PARTNERS, LTD. AND PRESTON REALTY CORPORATION, Appellee

---

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2013-41051**

---

### M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment signed January 28, 2015. The clerk's record was filed June 10, 2015. No reporter's record was taken. Appellant's brief was due October 15, 2015. No brief was filed.

On October 29, 2015, appellee filed a motion to dismiss for want of prosecution. *See* Tex. App. P. 42.3(b). Appellant filed no response. Accordingly,

Exhibit 2

appellee's motion is granted and the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Brown.

ACCEPTED
14-15-00392-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/9/2015 5:51:38 PM
CHRISTOPHER PRINE
CLERK

## NO: 14-15-00392-CV

IN THE FOURTEENTH DISTRICT COURT OF APPEALS

AT HOUSTON, TEXAS

### JAY H. COHEN,

*Appellant*

**v.**

### TOUR PARTNERS, LTD,

*Appellee*

From the 269th Judicial District Court of Harris County, Texas
Trial Court Cause No. 2013-41051

### APPELLANT'S THIRD MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF TO ALLOW TIME FOR SUPPLEMENTAL RECORD TO BE FILED

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Pursuant to Texas Rule of Appellate Procedure 26.3, Appellant Jay H. Cohen files this Motion for Extension of Time to File his Appellant's Brief, which motion complies with Rule 10.5(b), and in support thereof would respectfully show as follows:

1.       This is an appeal from a final judgment in Cause No. 2013-41051; *Jay H. Cohen  v. Tour Partners, Ltd. and Preston Realty Corporation;* in the 269th Judicial District Court of Harris County, Texas.

2.       This is Appellant's third request for an extension of time.

# Exhibit 3

Appellant's first unopposed request was granted on July 9, 2015 and his second unopposed request was granted on August 13, 2015.

3. The original clerk's record was incomplete. The clerk's record filed failed to contain all of the summary judgment pleadings upon which the trial court ruled and a supplemental record was requested on July 29, 2015.

4. Appellant also filed an Unopposed Motion with the Court of Appeals to permit the filing of the Supplemental Clerk's Record. The Court of Appeals granted Appellant's Unopposed Motion to Supplement the Clerk's Record on August 13, 2015.

5. Appellee's counsel has stated that Appellee opposes this request for an extension to allow time for the requested Supplemental Clerk's Record to be filed.

6. The Supplemental Clerk's Record has not been prepared or filed. Attached as Exhibit 1 hereto is Appellant's counsel's correspondence of even date to the Harris County District Clerk requesting that the Supplemental Clerk's Record be RUSHED.

7. The extended deadline for Appellant to file his initial brief is today, September 9, 2015.

8. Because the Supplemental Clerk's Record has yet to be filed, Appellant is unable to properly or adequately prepare Appellant's brief and is

2

requesting an extension of time until the earlier of 14-days after the Supplemental Clerk's Record is filed or October 15, 2015.

9. Mr. Cohen does not seek this extension for the purposes of delay. Appellant seeks this extension in the interest of justice; specifically to permit the incomplete record to be supplemented pursuant to the pending request to the trial court clerk.

<u>PRAYER</u>

For all these reasons, Appellant Jay H. Cohen respectfully requests a 30-day extension of time for filing his Appellant's Brief from today, September 9, 2015 until the earlier of 14-days after the Supplemental Clerk's Record is filed with the Court of Appeals or October 15, 2015. Mr. Cohen also seeks all such other or further relief to which he may be justly entitled.

TWOMEY | MAY, PLLC

*/s/ George F. May/*

_____
George F. May
TBA No. 24037050
2 Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000 [Telephone]
(832) 201-8485 [Telecopier]
george@twomeymay.com

Counsel for Appellant, Jay H. Cohen

3

## CERTIFICATE OF CONFERENCE

I certify that on September 9, 2015, I conferred with Sam Haren, co-counsel for Appellee, via email and counsel stated that Appellee is opposed to this motion.

*/s/ George F. May/*

_____
George F. May

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on counsel for Appellee as listed below on September 9, 2015 as follows:

Walter J. Cicack
wcicack@hmgnc.com
**HAWASH MEAD GASTON NEESE & CICACK, LLP**
2118 Smith Street
Houston, Texas 77002
Telephone: (713) 658-9001
Facsimile: (713) 658-9011

Attorneys for Appellee Tour Partners, Ltd.

By (check all that apply)
- ☐ personal delivery
- ☐ mail
- ☐ commercial delivery service
- ☒ fax, email, or electronic service

*/s/ George F. May/*
George F. May

Date: September 9, 2015

# TWOMEY|MAY, P.L.L.C.

Attorneys at Law

**George F. May**
george@twomeymay.com

TWOMEY | MAY, P.L.L.C.
2 Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000 – Telephone
(832) 201-8485 – Telecopier

August 9, 2015

Mr. Chris Daniel                                                    *Via E-File and Hand Delivery*
District Clerk, Civil Division
Attn: Ms. Phyllis Washington, Deputy
Post Judgment
P.O. Box 4651
Houston, Texas 77210

**RE:** Request to Rush Supplemental Clerk's Record in Appellate Case No. 14-15-00392-CV; *Jay Cohen v. Tour Partners, Ltd. and Preston Realty Corporation*; In the Fourteenth Court of Appeals, Houston, Texas- **Trial Court No. 2012-41051**

Dear Ms. Washington:

On July 29, 2015, a request to supplement the clerk's record in the above referenced case was filed by Appellant Jay Cohen. The request is attached as Exhibit A.

On August 13, 2015, the Fourteenth Court of Appeals granted Mr. Cohen's motion to supplement the Clerk's Record. Notice of the Court of Appeal's Order is attached as Exhibit B.

The deadline for Mr. Cohen's Appellant's brief was set to be today, September 9, 2015. The supplemental record has not been prepared or filed and Mr. Cohen is requesting that the preparation and filing of the supplemental clerk's record be RUSHED and fulfilled on the earliest possible date.

Please contact me when your office has calculated the estimated cost of the supplemental record and we will hand-deliver payment the same day.

Thank you for your assistance and cooperation in this urgent matter. Please contact me if you have any questions.

Very truly yours,

*/s/ George F. May/*

George F. May

Counsel for Appellant Jay Cohen

Cc:    Walter Cicack (via e-mail to wcicack@hmgnc.com)
       Sam Haren (via e-mail to sharen@hmgnc.com)

# EXHIBIT A

NO. 2013-41051

| | | |
|---|---|---|
| JAY COHEN, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TOUR PARTNERS, LTD., and | § | |
| PRESTON REALTY CORPORATION, | § | |
| Defendants | § | 269th JUDICIAL DISTRICT |

## REQUEST FOR SUPPLEMENTAL CLERK'S RECORD

TO THE HONORABLE COURT:

COMES NOW Plaintiff Jay Cohen pursuant to Rule 34.5 of the Texas Rule of Appellate Procedure to respectfully request that the clerk prepare a supplement to the record in the appeal from the above numbered and styled case. The supplemental record should be certified and delivered to the Fourteenth Court of Appeals in Appeal Case 14-15-00392-CV.

Mr. Cohen requests that the following be included in the supplemental record:

**Image No. 65211494** Plaintiff Jay Cohens Notice of Appeal - filed on 04/28/2015; 2 pages
**Image No. 64452951** Plaintiff's Motion for New Trial - filed on 02/27/2015; 8 pages
**Image No. 64023492** ORDER SIGNED GRANTING ENTRY OF TEMPORARY ORDERS - filed on 01/28/2015; 5 pages
**Image No. 63171721** Plaintiff Jay Cohen's motion for default judgment against defendant Preston Realty Corporation - filed on 11/13/2014; 5 pages
**Image No. 63171722** Exhibit A - filed on 11/13/2014; 2 pages
**Image No. 63171723** Exhibit B - filed on 11/13/2014; 2 pages
**Image No. 63171724** Exhibit C - filed on 11/13/2014; 3 pages
**Image No. 63171725** Exhibit C-1 - filed on 11/13/2014; 3 pages
**Image No. 63171726** Exhibit C-2 - filed on 11/13/2014; 4 pages
**Image No. 63093159** Tour Partner's motion to strike and special exceptions - filed on 11/07/2014; 4 pages
**Image No. 63171651** Proposed Order - filed on 11/13/2014; 1 page
**Image No. 63102481** Notice of submission - filed on 11/07/2014; 1 page
**Image No. 63084911** Tour Partner's reply in support of its traditional and no evidence motion for summary judgment and objections to Cohen's summary judgment evidence - filed on 11/06/2014; 17 pages
**Image No. 63084913** Exhibit 20 - filed on 11/06/2014; 12 pages
**Image No. 63084914** Exhibit 21 - filed on 11/06/2014; 19 pages
**Image No. 63084915** Exhibit 22 - filed on 11/06/2014; 7 pages
**Image No. 63030179** Plaintiff's objection and response to defendant's traditional and No-evidence motion for summary judgment - filed on 11/03/2014; 27 pages

Unofficial Copy Office of Chris Daniel District Clerk

**Image No. 63030198** Ex. 16 - filed on 11/03/2014; 8 pages
**Image No. 63030180** Exhibit A - filed on 11/03/2014; 6 pages
**Image No. 63037684** Exhibit A - filed on 11/03/2014; 2 pages
**Image No. 63030181** Exhibit A-1 - filed on 11/03/2014; 15 pages
**Image No. 63030192** Exhibit A-10 - filed on 11/03/2014; 22 pages
**Image No. 63030193** Exhibit A-11 - filed on 11/03/2014; 3 pages
**Image No. 63030194** Exhibit A-12 - filed on 11/03/2014; 5 pages
**Image No. 63030195** Exhibit A-13 - filed on 11/03/2014; 5 pages
**Image No. 63030196** Exhibit A-14 - filed on 11/03/2014; 6 pages
**Image No. 63030197** Exhibit A-15 - filed on 11/03/2014; 3 pages
**Image No. 63030199** Exhibit A-16a - filed on 11/03/2014; 3 pages
**Image No. 63030200** Exhibit A-17 - filed on 11/03/2014; 3 pages
**Image No. 63030201** Exhibit A-18 - filed on 11/03/2014; 9 pages
**Image No. 63030202** Exhibit A-19 - filed on 11/03/2014; 5 pages
**Image No. 63030182** Exhibit A-2 - filed on 11/03/2014; 15 pages
**Image No. 63030203** Exhibit A-20 - filed on 11/03/2014; 32 pages
**Image No. 63030204** Exhibit A-21 - filed on 11/03/2014; 5 pages
**Image No. 63030205** Exhibit A-22 - filed on 11/03/2014; 6 pages
**Image No. 63030206** Exhibit A-23 - filed on 11/03/2014; 5 pages
**Image No. 63030207** Exhibit A-24 - filed on 11/03/2014; 6 pages
**Image No. 63030208** Exhibit A-25 - filed on 11/03/2014; 6 pages
**Image No. 63030209** Exhibit A-26 - filed on 11/03/2014; 7 pages
**Image No. 63030210** Exhibit A-27 - filed on 11/03/2014; 7 pages
**Image No. 63030211** Exhibit A-28 - filed on 11/03/2014; 6 pages
**Image No. 63030183** Exhibit A-3 - filed on 11/03/2014; 2 pages
**Image No. 63037683** EXHIBIT A-4 - filed on 11/03/2014; 3 pages
**Image No. 63030185** Exhibit A-5 - filed on 11/03/2014; 4 pages

**Image No. 63030186** Exhibit A-6 - filed on 11/03/2014; 5 pages
**Image No. 63030187** Exhibit A-7 - filed on 11/03/2014; 4 pages
**Image No. 63030188** Exhibit A-8 - filed on 11/03/2014; 4 pages
**Image No. 63030189** Exhibit A-9 - filed on 11/03/2014; 3 pages
**Image No. 63030190** Exhibit A-9a - filed on 11/03/2014; 7 pages
**Image No. 63030191** Exhibit A-9b - filed on 11/03/2014; 6 pages
**Image No. 63030212** Exhibit B - filed on 11/03/2014; 2 pages
**Image No. 63030213** Exhibit B-1 - filed on 11/03/2014; 4 pages
**Image No. 63030214** Exhibit B-2 - filed on 11/03/2014; 7 pages
**Image No. 63030215** Exhibit C - filed on 11/03/2014; -145 pages
**Image No. 63093155** Proposed Order - filed on 11/07/2014; 2 pages
**Image No. 63030217** Plaintiff's objection and response to defendant's traditional and No-evidence motion for summary judgment - filed on 11/03/2014; 27 pages
**Image No. 63030236** Exhibit 16 - filed on 11/03/2014; 8 pages
**Image No. 63030218** Exhibit A - filed on 11/03/2014; 6 pages
**Image No. 63030219** Exhibit A-1 - filed on 11/03/2014; 15 pages
**Image No. 63030230** Exhibit A-10 - filed on 11/03/2014; 22 pages
**Image No. 63030231** Exhibit A-11 - filed on 11/03/2014; 3 pages
**Image No. 63030232** Exhibit A-12 - filed on 11/03/2014; 5 pages
**Image No. 63030233** Exhibit A-13 - filed on 11/03/2014; 5 pages
**Image No. 63030234** Exhibit A-14 - filed on 11/03/2014; 6 pages
**Image No. 63030235** Exhibit A-15 - filed on 11/03/2014; 3 pages
**Image No. 63030237** Exhibit A-16a - filed on 11/03/2014; 3 pages

**Image No. 63030238** Exhibit A-17 - filed on 11/03/2014; 3 pages
**Image No. 63030239** Exhibit A-18 - filed on 11/03/2014; 9 pages
**Image No. 63030240** Exhibit A-19 - filed on 11/03/2014; 5 pages
**Image No. 63030220** Exhibit A-2 - filed on 11/03/2014; 15 pages
**Image No. 63030241** Exhibit A-20 - filed on 11/03/2014; 32 pages
**Image No. 63030242** Exhibit A-21 - filed on 11/03/2014; 5 pages
**Image No. 63030243** Exhibit A-22 - filed on 11/03/2014; 6 pages
**Image No. 63030244** Exhibit A-23 - filed on 11/03/2014; 5 pages
**Image No. 63030245** Exhibit A-24 - filed on 11/03/2014; 6 pages
**Image No. 63030246** Exhibit A-25 - filed on 11/03/2014; 6 pages
**Image No. 63030247** Exhibit A-26 - filed on 11/03/2014; 7 pages
**Image No. 63030248** Exhibit A-27 - filed on 11/03/2014; 7 pages
**Image No. 63030249** Exhibit A-28 - filed on 11/03/2014; 6 pages
**Image No. 63030221** Exhibit A-3 - filed on 11/03/2014; 2 pages
**Image No. 63030222** Exhibit A-4 - filed on 11/03/2014; 5 pages
**Image No. 63030223** Exhibit A-5 - filed on 11/03/2014; 4 pages
**Image No. 63030224** Exhibit A-6 - filed on 11/03/2014; 5 pages
**Image No. 63030225** Exhibit A-7 - filed on 11/03/2014; 4 pages
**Image No. 63030226** Exhibit A-8 - filed on 11/03/2014; 4 pages
**Image No. 63030227** Exhibit A-9 - filed on 11/03/2014; 3 pages
**Image No. 63030228** Exhibit A-9a - filed on 11/03/2014; 7 pages
**Image No. 63030229** Exhibit A-9b - filed on 11/03/2014; 6 pages
**Image No. 63030250** Exhibit B - filed on 11/03/2014; 2 pages
**Image No. 63030251** Exhibit B-1 - filed on 11/03/2014; 4 pages
**Image No. 63030252** Exhibit B-2 - filed on 11/03/2014; 7 pages
**Image No. 63030253** Exhibit C - filed on 11/03/2014; 145 pages
**Image No. 62928870** Tour Partners Response to Plaintiff's Unopposed Motion to Substitute Counsel - filed on 10/27/2014; 2 pages
**Image No. 62861852** Plaintiff Jay Cohen's unopposed Motion to Substitute counsel - filed on 10/22/2014; 4 pages
**Image No. 62861853** proposed order granting motion to substitute counsel - filed on 10/22/2014; 2 pages
**Image No. 62821118** Tour Partners' Traditional and No-Evidence Motion for Summary Judgment - filed on 10/17/2014; 36 pages
**Image No. 62821121** Exhibit 1 - filed on 10/17/2014; 76 pages
**Image No. 62821130** Exhibit 10 - filed on 10/17/2014; 3 pages
**Image No. 62821131** Exhibit 11 - filed on 10/17/2014; 3 pages
**Image No. 62821132** Exhibit 12 - filed on 10/17/2014; 4 pages
**Image No. 62821133** Exhibit 13 - filed on 10/17/2014; 4 pages
**Image No. 62821134** Exhibit 14 - filed on 10/17/2014; 4 pages
**Image No. 62821135** Exhibit 15 - filed on 10/17/2014; 7 pages
**Image No. 62821136** Exhibit 16 - filed on 10/17/2014; 15 pages
**Image No. 62821137** Exhibit 17 - filed on 10/17/2014; 8 pages
**Image No. 62821138** Exhibit 18 - filed on 10/17/2014; 9 pages
**Image No. 62821139** Exhibit 19 - filed on 10/17/2014; 5 pages
**Image No. 62821122** Exhibit 2 - filed on 10/17/2014; 5 pages
**Image No. 62821123** Exhibit 3 - filed on 10/17/2014; 3 pages
**Image No. 62821124** Exhibit 4 - filed on 10/17/2014; 19 pages
**Image No. 62821125** Exhibit 5 - filed on 10/17/2014; 12 pages
**Image No. 62821126** Exhibit 6 - filed on 10/17/2014; 6 pages
**Image No. 62821127** Exhibit 7 - filed on 10/17/2014; 45 pages

**Image No. 62821128** Exhibit 8 - filed on 10/17/2014; 2 pages

**Image No. 62821129** Exhibit 9 - filed on 10/17/2014; 4 pages

**Image No. 62663391** Motion for Withdrawal of Counsel - filed on 10/07/2014; 2 pages

**Image No. 62663392** Docket Control Order - filed on 10/07/2014; 1 pages

**Image No. 62690110** Exhibit 03 - filed on 10/09/2014; 2 pages

**Image No. 62305356** ORDER SIGNED GRANTING ENTRY OF TEMPORARY ORDERS - filed on 08/25/2014; 1 pages

**Image No. 61683924** Discovery Control Plan - filed on 07/23/2014; 1 pages

**Image No. 61512462** Plaintiffs Ellington F Holdings LLC's and R. David Denenberg's Objections and Response in Opposition to Defendant Tour Partners, Ltd.'s Motion to Consolidate - filed on 07/10/2014; 7 pages

**Image No. 61519437** Supplement to Plaintiff's Response to Defendant, Tour Partners, Ltd.'s, Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien, Claim or Interest in Real Property - filed on 07/10/2014; 3 pages

**Image No. 61519438** Plaintiffs Ellington F Holdings LLC's and R. David Denenburg's Amended Objections and Response in Opposition to defendant Tour Partners, Ltd.'s Motion to Consolidate - filed on 07/10/2014; 7 pages

**Image No. 61519439** Exhibit 1 - filed on 07/10/2014; 61 pages

**Image No. 61519440** Exhibit 2 - filed on 07/10/2014; 7 pages

**Image No. 61519441** Exhibit 3 - filed on 07/10/2014; 15 pages

**Image No. 61519442** Proposed Order - filed on 07/10/2014; 1 pages

**Image No. 61528236** Plaintiff's response to defendant, Tour Partners, LTD's motion for judicial review of documentation or instrument purporting to create a lien, claim or interest in real property - filed on 07/10/2014; 8 pages

**Image No. 61528242** Exhibit A - filed on 07/10/2014; 6 pages

**Image No. 61528243** Exhibit B - filed on 07/10/2014; 9 pages

**Image No. 61528244** Exhibit C - filed on 07/10/2014; 5 pages

**Image No. 61528245** Proposed order - filed on 07/10/2014; 1 pages

**Image No. 61528501** Plaintiff's response to defendant, Tour Partners, LTD's motion to consolidate - filed on 07/10/2014; 2 pages

**Image No. 61528504** Proposed order - filed on 07/10/2014; 1 pages

**Image No. 60738990** Defendant Tour Partners, ltd.'s motion to consolidate - filed on 05/09/2014; 3 pages

**Image No. 60738991** Exhibit 1 - filed on 05/09/2014; 1 pages

**Image No. 60738992** Proposed order - filed on 05/09/2014; 2 pages

**Image No. 60741538** Defendant Tour Partners motion for judicial review of documentation or instrument purporting to create a lien, claim, or interest in real property - filed on 05/09/2014; 6 pages

**Image No. 60741541** Exhibit 1, Subordination of Lien - filed on 05/09/2014; 4 pages

**Image No. 60741543** Proposed order - filed on 05/09/2014; 2 pages

**Image No. 60745044** Exhibit a to Defendants Second amended answer and original counterclaim - filed on 05/09/2014; 4 pages

**Image No. 58939261** Defendants withdrawal of defendants amended motion to dismiss directed to plaintiffs first amended petition - filed on 12/24/2013 2 pages

**Image No. 58636392** Plaintiff's second amended petition - filed on 12/06/2013 8 pages

**Image No. 58636433** Plaintiff's second amended petition - filed on 12/06/2013 8 pages

**Image No. 586Image No. 62602** Plaintiff's Response to Tour Partners, Ltd.'s Amended Motion to Dismiss - filed on 12/06/2013 9 pages

**Image No. 58388466** Defendant's Amended Motion to Dismiss Directed to Plaintiff's First Amended Petition - filed on 11/21/2013 6 pages

**Image No. 57990831** Plaintiffs Response to Defendants Motion to Dismiss - filed on 10/25/2013

4

4 pages
**Image No. 58052445** Plaintiff's First Amended Petition - filed on 10/25/2013 7 pages
**Image No. 58052446** Exhibit E - filed on 10/25/2013 3 pages
**Image No. 57672083** Defendants Motion to Dismiss - filed on 10/07/2013 9 pages
**Image No. 57672084** Original Answer Subject to Motion to Dismiss - filed on 10/07/2013 4 pages

Please expedite this request as the appeal is currently pending.  Mr. Cohen will pre-pay the estimated cost of the supplemental record immediately.

:                                                      Respectfully submitted,

TWOMEY | MAY, PLLC

*/s/ George F. May/*

_____
George F. May
State Bar No. 24037050
2 Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000 Telephone
(832) 201-8485 Facsimile
george@twomeymay.com

Attorneys for Plaintiff Jay Cohen

5

# CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, which are listed below on July 29, 2015 as follows:

Walter J. Cicack
wcicack@hmgnc.com
**HAWASH MEAD GASTON NEESE & CICACK, LLP**
2118 Smith Street
Houston, Texas 77002
Telephone: (713) 658-9001
Facsimile: (713) 658-9011

Attorneys for Defendant Tour Partners, Ltd.

By (check all that apply)

☐ personal delivery
☐ mail
☐ commercial delivery service
☒ fax, email, or electronic service

/s/ George F. May/
George F. May

Date:  July 28, 2015

6

# EXHIBIT B

FILE COPY



**FOURTEENTH COURT OF APPEALS**
**301 Fannin, Suite 245**
**Houston, Texas 77002**

Thursday, August 13, 2015

**RE:**   **Case No. 14-15-00392-CV**

Style: Jay Cohen
    v. Tours Partners, Ltd. and Preston Realty Corporation

    Please be advised that on this day the Court **GRANTED APPELLANT'S** motion to supplement the record in the above cause.

T. C. Case # 2013-41051                     Christopher Prine, Clerk

                       Harris County,  District Clerk, Civil Division
                       Harris County District Clerk - Civil
                       201 Caroline, Ste 420
                       Houston, TX  77002
                       ***DELIVERED VIA E-MAIL***



**FOURTEENTH COURT OF APPEALS**
**301 Fannin, Suite 245**
**Houston, Texas 77002**

Thursday, August 13, 2015

**RE:**   **Case No. 14-15-00392-CV**

Style: Jay Cohen
    v. Tours Partners, Ltd. and Preston Realty Corporation

    Please be advised that on this day the Court **GRANTED APPELLANT'S** motion to supplement the record in the above cause.

T. C. Case # 2013-41051                     Christopher Prine, Clerk

                       Harris County,  District Clerk, Civil Division
                       Harris County District Clerk - Civil
                       201 Caroline, Ste 420
                       Houston, TX  77002
                       ***DELIVERED VIA E-MAIL***

# 2015-63258 / Court: 269

10/22/2015 5:11:59 PM
Chris Daniel - District Clerk Harris County
Envelope No. 7505878
By: Charlie Tezeno
Filed: 10/22/2015 5:11:59 PM

NO. _____

| | | |
|---|---|---|
| JAY H. COHEN, and | § | IN THE DISTRICT COURT |
| HOWARD M. COHEN, TRUSTEE | § | |
| in his capacity as trustee, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HARRIS COUNTY APPRAISAL DISTRICT | § | |
| Defendant | § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Jay H. Cohen individually and Howard M. Cohen, in his capacity as trustee for the benefit of Jay H. Cohen, (hereinafter referred to collectively as "**Mr. Cohen**" or "**Plaintiff**"), complaining of the Harris County Appraisal District ("**HCAD**"), Defendant herein, and for cause of action respectfully shows this Honorable Court the following:

### Discovery

1.      Discovery is intended to be conducted pursuant to level two (2) as provided in TEX. R. CIV. P. 190.3.

### The Parties

2.      Jay H. Cohen is an individual residing in Harris County, Texas and is a Plaintiff herein. He is and has been at all times pertaining to this petition, an owner of the tracts of real property (the "Property") that is the subject of this cause, holding legal or equitable title thereto, which are located in Harris County, Texas.

3.      Howard M. Cohen, Trustee is an individual residing in harries County, Texas and is a Plaintiff the holder of legal title as trustee for the benefit of Jay H. Cohen to the Tract 10, HCAD

1

# Exhibit 4

Account No. 0611680340007, 3102 Alabama St., Houston, Texas 77004. Howard M. Cohen, Trustee is a Plaintiff in his capacity as trustee.

4.     Defendant is the Harris County Appraisal District, located in Harris County, Texas, duly organized and acting pursuant to the laws of Texas, upon whom service may be had by serving Sands L. Stiefer, Chief Appraiser, at 13013 Northwest Freeway, Houston, Texas 77040.

### Jurisdiction, Venue, and Rule 47 Statement

5.     This Court has jurisdiction and venue is proper under Tax Code Chapter 42 as the real property involved, and all parties to this cause are in Harris County. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Mr. Cohen is appealing de novo the valuations of the Property pursuant to his rights under Texas law. Mr. Cohen requests that the Court require the Appraisal Review Board to conduct a property hearing and/or that the Court reduce the appraised value of the Property to the proper appraised value required by law as of January 1 of the tax appraisal year in dispute. Mr. Cohen is seeking monetary relief monetary relief of $100,000 or less and non-monetary relief, in an amount within the jurisdictional limits of this Court.

### The Real Property

6.     The tracts of real property that are the subject of this cause are as follows:

Tract 1:     HCAD Account No. 0021460000003, 0 Downing St., Houston, Texas 77003, legally described as Lots 3, Tracks 11C & 12A, in Block 428 SSBB, in Harris County, Texas.

Tract 2:     HCAD Account No. 0021460000008, 2113 Bastrop St., Houston, Texas 77003, legally described as Lots 8, Tracks 9B 11D & 12, in Block 428 SSBB, in Harris County, Texas.

Tract 3:     HCAD Account No. 0021470000008, 2109 Hutchins St., Houston, Texas 77003, legally described as Lots 8, in Block 429 SSBB, in Harris County, Texas.

2

Tract 4: HCAD Account No. 0191900000006, 0 Stuart St., Houston, Texas 77004, legally described as Lots 6 &7 & Tracks 8A &12, in Block 6, Holmon Outlot 40, in Harris County, Texas.

Tract 5: HCAD Account No. 0192030010009, 3506 Nagle St., Houston, Texas 77004, legally described as Lots 9 & 10, in Block 1, Smith Furniture Co Sec 2, in Harris County, Texas.

Tract 6: HCAD Account No. 0192680000010, 2311 Wheeler St., Houston, Texas 77004, legally described as Lots 10, in Block 6, Holmon Outlot 68, in Harris County, Texas.

Tract 7: HCAD Account No. 0513150000017, 3421 Hadley St., Houston, Texas 77004, legally described as Lots 17, in Block 5, Prarie Home, in Harris County, Texas.

Tract 8: HCAD Account No. 0611680340004, 3016 Alabama St., Houston, Texas 77004, legally described as Lots 4, in Block 34, Washington Terrance, in Harris County, Texas.

Tract 9: HCAD Account No. 0611680340005, 3020 Alabama St., Houston, Texas 77004, legally described as Lots 5, in Block 34, Washington Terrance, in Harris County, Texas.

Tract 10: HCAD Account No. 0611680340007, 3102 Alabama St., Houston, Texas 77004, legally described as Lots 7 through 16, in Block 34, Washington Terrance, in Harris County, Texas.

Tract 11: HCAD Account No. 0640780190002, 4113 Gulf Freeway, Houston, Texas 77023, legally described as Lots 3 4 11 & 12 & Tracks 1 2 5 & 18, in Block 19, Ring, in Harris County, Texas.

Tract 12: HCAD Account No. 0640780190003, 4135 Gulf Freeway, Houston, Texas 77023, legally described as Lots 9 10 16 & 17 & Tracks 8 & 18A, in Block 19, Ring, in Harris County, Texas.

(hereinafter referred to collectively as "**the Property**").

**Notices and Valuation**

7. All conditions precedent to Mr. Cohen's right of judicial review of the Review Board's decision having been performed or having occurred, Mr. Cohen is entitled to a trial de novo review of the board's order.

3

| TRACT | PROPERTY | INITIAL VALUE 2014 | FINAL VALUE 2014 | ORDER RECEIVED |
|---|---|---|---|---|
| 1 | (0021460000003, 0 Downing St.) | $125,000 | $109,375 | 8/26/2015 |
| 2 | (0021460000008, 2113 Bastrop St.) | $220,786 | $219,760 | 8/26/2015 |
| 3 | (0021470000008, 2109 Hutchins St.) | $75,650 | $75,650 | 8/26/2015 |
| 4 | (0191900000006, 0 Stuart St.) | $694,800 | $694,800 | 8/26/2015 |
| 5 | (0192030010009, 3506 Nagle St.) | $93,750 | $62,500 | 8/26/2015 |
| 6 | (0192680000010, 2311 Wheeler St.) | $50,000 | $50,000 | 8/26/2015 |
| 7 | (0513150000017, 3421 Hadley St.) | $52,931 | $32,131 | 8/26/2015 |
| 8 | (0611680340004, 3016 Alabama St.) | $77,549 | $46,874 | 8/26/2015 |
| 9 | (0611680340005, 3020 Alabama St.) | $77,949 | $46,974 | 8/26/2015 |
| 10 | (0611680340007, 3102 Alabama St.) | $485,800 | $388,640 | 8/26/2015 |
| 11 | (0640780190002, 4113 Gulf Freeway) | $306,660 | $268,327 | 8/26/2015 |
| 12 | (0640780190003, 4135 Gulf Freeway) | $184,699 | $131,415 | 8/26/2015 |

8. For the year indicated above, Mr. Cohen was notified that the valuation of the Properties as stated in the table above as an initial value or under certain conditions. Mr. Cohen timely filed notices of protest of the valuations given the Properties by the appraiser and the Appraisal Review Board scheduled hearings. Thereafter, on the dates indicated on the table above, Mr. Cohen received the Appraisal Review Board's Order Determining Protest as to each property on the dates indicated in the table above for each Tract. Mr. Cohen has received the ARB's Final Determinations on the Property. Copies of the ARB's Order Determining Protest, along with a delivery tracking receipt, are attached hereto as Exhibit "A".

### General Allegations

9. Mr. Cohen believes and would show that the Property is excessively appraised.

10. The appraised values of the Property, as determined by the appraiser and Review Board, are unequal in comparison to other comparable properties in the district.

11. The levying of a tax on Mr. Cohen's Property based on valuations that are excessive and/or unequal is an unlawful levy, creates an illegal lien on Mr. Cohen's Property, and is a cloud on the title.

4

12.    Mr. Cohen would show that at the administrative proceeding the Harris County Appraisal District presented improper evidence and failed to present satisfactory evidence to show that Mr. Cohen's Property was not unequally appraised or properly appraised according to the law. Mr. Cohen would show that the Appraisal Review Board failed to properly consider and apply the Property Tax Code provisions.

13.    Mr. Cohen objects to the entry by the Court of an Order of referral of this case to alternative dispute resolution.

## REQUEST FOR DISCLOSURE AND DISCOVERY

14.    Pursuant to the provisions of Texas Rule of Civil Procedure 194 (and specifically the response provisions of Rule 194.3) Defendant Harris County Appraisal District is requested to disclose, within 50 days after service of this petition and request, the information or material described in Rule 194.2.

## REQUEST FOR JURY TRIAL

15.    Mr. Cohen requests trial by jury and will tender the required fee.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff, Howard M. Cohen in his capacity as trustee, requests that Defendant be cited to answer and appear and, that upon trial on the merits, the Court enter a judgment in favor of Mr. Cohen that:

a)    An order be entered by the Court cancelling and setting aside the Orders of the Appraisal Review Board;

b)    An order be entered fixing the market value of the Tract of the Property as of January 1, 2014 below the final value given by the Appraisal Review Board;

c)    Compelling imposition of the proper assessed value of the Tract of the Property, correction of the tax rolls to show the proper assessed value of the Tract of the Property, and acceptance and receipt of taxes due for the year 2015 based on application of the approved tax rates to the proper assessments; and

d)    Awarding Mr. Cohen all costs incurred, reasonable attorney's fees, and all other relief to which Mr. Cohen may be entitled.

Respectfully Submitted,

TWOMEY | MAY, PLLC

*/s/George F. May/*

George F. May
Texas Bar No. 24037050
2 Riverway, 15th Floor
Houston, Texas 77056
Telephone No. (713) 659-0000
Facsimile No. (832) 201-8485
george@twomeymay.com

Attorneys for Plaintiff, Jay H. Cohen

Unofficial Copy Office of Chris Daniel District Clerk

6

10/17/2014 6:22:11 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 2876996
By: FULLER, LESLIE G

Pgs-5

7A

## CAUSE NO. 2013-41051

| | | |
|---|---|---|
| Jay H. Cohen | § | In the District Court of |
| *Plaintiff* | § | |
| | § | |
| v. | § | Harris County, Texas |
| | § | |
| Tour Partners, Ltd. and Preston | § | |
| Realty Corporation | § | |
| *Defendants* | § | 269th Judicial District |

### ORDER GRANTING TOUR PARTNERS' TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

On this day the Court came to consider Tour Partners' Traditional and No-Evidence Motion for Summary Judgment (the "Motion"). After considering the facts, law, and argument of counsel, the Court has decided to grant the Motion. Accordingly, all causes of action and/or claims for relief raised by Plaintiff Jay H. Cohen against Tour Partners, Ltd. are hereby dismissed with prejudice.

*and challenged by Tour Partners's motion*

The Court further declares that the Subordination of Lien attached hereto as Exhibit A[1] does not constitute a valid or enforceable lien, is invalid for all purposes, and does not constitute a cloud or encumbrance on the title to the property described therein.

SIGNED: _____

Signed: 11/10/2014

_____
Judge Presiding

---

[1] This document was Exhibit 2 to the Motion.

Certified Document Number: 63124687 - Page 1 of 5

Exhibit 5

Certified Document Number: 63124687 - Page 2 of 5

## SUBORDINATION OF LIEN

Date: November 2, 2004

Subordinating Party: JAY H. COHEN

Y089623
11/29/04 180650613          $20.00

### Subordinated Lien

Date: November 2, 2004
Grantor: JAY H. COHEN
Trustee: _____
Note Secured by Subordinated Lien: Note dated November 2, 2004, in the original principal amount of $400,000.00.
Recording Information: Second lien Subordinated Deed of Trust to Superior First Lien Holder filed in the Harris County Clerk's Office under File No. _____.

### Superior Lien

Date: November 3, 2004
Borrower: PRESTON REALTY CORPORATION
Lender: UNION PLANTERS BANK, N.A.
Note Secured by Superior Lien: Note dated November 3, 2004, in the original principal amount of $822,250.00.
Recording Information: Deed of Trust, Absolute Assignment of Rents, Security Agreement and Financing Statement filed in Harris County Clerk's Office under File No. Y084670.

Property:

See Exhibit "A" attached hereto and made a part hereof for all purposes.

Subordinating Party is the owner and holder of the Subordinated Lien, which is a lien against the Property.

For value received, Subordinating Party subordinates the Subordinated Lien against the Property to the Superior Lien and agrees that the Subordinated Lien will remain subordinate t the Superior Lien regardless of the frequency or manner of renewal, extension, change, or alteration of the Superior Lien or the Note Secured by Superior Lien.

When the context requires, singular nouns and pronouns include the plural.

After Recording Return to:
Alamo Title Company
5599 San Felipe, Suite 1400
Houston, Texas 77056
GF#40LED11614CSW



Cohen
EXHIBIT NO. 11
HG 9/8/14

C-0047

Exhibit A



JAY H. COHEN

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

THIS INSTRUMENT was acknowledged before me on this the __3__ day of November, 2004 by JAY H. COHEN.

CAROL S. WARNER
Notary Public, State of Texas
Commission Expires 02-28-2008

Notary Public in and for
The State of TEXAS

Printed Name: CAROL S. WARNER.
My Commission Expires: 2/28/8.

Certified Document Number: 63124687 - Page 3 of 5

FILED
04 NOV 29 PM 12: 22
COUNTY CLERK
HARRIS COUNTY, TEXAS

C-0048

EXHIBIT "A"

PROPERTY DESCRIPTION

Being 22,978 square feet of land, being all of that certain tract described in deed dated May 20, 1947, from General Foods Corporation to Preston Realty Corporation, recorded in Volume 1610, Page 687, of the Harris County Deed Records, being all of Lots 1, 2, 3 & 12, Block 186, S. S. B. B. Addition, City of Houston, Harris County, Texas, and an additional 10 foot portion of adjacent St. Emanuel Street described in deed dated October 15, 1946, from the City of Houston to General Foods Corporation, recorded in Volume 1516, Page 706, of the Harris County Deed Records, said 22,978 square feet being more particularly described by metes and bounds as follows:

COMMENCING at the original location of the City of Houston Engineering Department reference rod Number 12 (now gone) In the Intersection of Preston Avenue and Hutchins Street;

THENCE N. 55° 00' 00" W. 660.00 feet along the City of Houston Engineering Department reference line in Preston Avenue to the City of Houston Engineering Department reference line in Chartres Street;

THENCE N. 35° 00' 00" E. 40.07 feet along the City of Engineering Department reference line in Chartres Street;

THENCE S. 55° 00' 00" E., parallel to the City of Houston Engineering Department reference line in Preston Avenue, passing at 46.50 feet a 3/4" iron rod found marking the west corner of Lot 6, Block 186, S. S. B. B. Addition, and the west corner of a tract of land described in deed dated July 28, 1998, from St. Marys University, et al, to Kenneth Cunningham, Trustee, recorded in Harris County Clerk's File Number T361691 of the Official Records of Real Property of Harris County, Texas, continuing 146.50 feet in all, along the northeast line of Avenue, to a 3/4" iron rod found marking the south corner of said Lot 6, the south corner of said Cunningham Tract and the PLACE OF BEGINNING;

THENCE N. 35° 00' 00" E. , along southeast line of said Lot 6, passing at 50.50 feet the south corner of Lot 7, said Block 186, described In deed dated November 3, 1998, from Kenneth R. Bolarsky to Kenneth R. Cunningham, Jr., Trustee, recorded in Harris County Clerk's File Number T364867 of the Official Records of Real Property of Harris County, Texas, passing at 101.00 feet the south corner of Lot 8, said Block 186, described in deed dated February 19, 1997, from Johnny Nelms, et ux, to Billy Marlin, Trustee, recorded in Harris County Clerk's File Number S329648 of the Official Records of Real Property of Harris County, Texas, continuing 126.25 feet in all to a 3/4" iron rod w/cap set, marking the west corner of Lot 11, said Block 186, and an interior corner of a tract described in deed dated February 21, 1996 from Golding Fredrick Walters to Frederick S. Cilurso, recorded in Harris County Clerk's File Number R798070 of the Official Records of Real Property of Harris County, Texas;

Certified Document Number: 63124687 - Page 4 of 5

C-0049

THENCE S. 55° 00' 00" E. 50.00 feet, parallel to the City of Houston Engineering Department reference line in Preston Avenue, following the southwest line of said Lot 11, to a 3/4" iron rod with cap set at the south corner of said Lot 11, and an interior corner of said Cilurso tract;

THENCE N. 35° 00' 00" E. 25.25 feet, parallel to the City of Houston Engineering Department reference line in Chartres Street, following the southeast line of said Lot 11, to a 3/4" iron rod with cap set marking the west corner of Lot 4, said Block 186, and an interior corner of said Cilurso tract;

THENCE S. 55° 00' 00" E., parallel to the City of Houston Engineering Department reference line in Preston Avenue following the southwest line of said Lot 4, passing at 100.00 feet the south corner of said Lot 4, continuing 110.00 feet in all to a 3/4" iron rod with cap set at the south corner of said Cilurso tract lying in the southeast line of said 10 foot portion of St. Emanuel Street, described in deed from the City of Houston to General Foods;

THENCE S. 35° 00' 00" W. 151.50 feet, parallel to the City of Houston Engineering Department reference line in Chartres Avenue, following the southeast line of said 10 foot portion of St. Emanuel Street, to an "X" cut in concrete marking the east corner of said 10 foot portion of said St. Emanuel Street, and lying in the northeast line of Preston Avenue;

THENCE N. 55° 00' 00" W. 160.00 feet, along the northeast line of Preston Avenue, following a line parallel to the City of Houston Engineering Department reference line in Preston Avenue to the PLACE OF BEGINNING.

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
This is to certify that this instrument was FILED in File Number Sequence on the date and at the time stamp herein by me and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas on

NOV 29 2004

COUNTY CLERK
HARRIS COUNTY, TEXAS

Page 2 of 2

C-0050

Certified Document Number: 63124687 - Page 5 of 5



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 30, 2015

Certified Document Number:        63124687 Total Pages:  5

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2013-68181

| | | |
|---|---|---|
| ELLINGTON HOLDINGS, LLC. and R. DAVID DENENBURG | § § § § § | IN THE DISTRICT COURT OF |
| VS | § § | HARRIS COUNTY, TEXAS |
| TOUR PARTNERS, LTD., *et al.* | § § § § | 55TH JUDICIAL DISTRICT |

## ORDER GRANTING TOUR PARTNERS PARTIES' MOTION FOR SUMMARY JUDGMENT AGAINST COHEN'S CLAIMS

Upon consideration of Tour Partners Parties' Motion for Summary Judgment Against Cohen's Claims (the "Motion"), along with the various responses and replies, the Court rules as follows:

Jay Cohen ("Cohen") has filed claims against the Tour Partners Parties (including Tour Partners, Ltd., Dennis Wilkerson and Eighteen Investments, LLC) for a fraudulent conveyance under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), statutory fraud, conspiracy and unjust enrichment, including alter ego remedies. These claims were first filed in Cohen's Original Crossclaim on November 17, 2014.

Cohen claims that through a transaction he entered into in 2004, he was to acquire a lien in the property which is the subject matter of this litigation (the "Property.") The Property was then owned by Preston Realty. It is uncontested that his lien, if it ever existed, was never filed.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

**F I L E D**
Chris Daniel
District Clerk

JAN 2 3 2015

Time:_____
Harris County, Texas
By_____
Deputy

Exhibit 6

Preston Realty purported to convey the Property to Tour Partners Limited by way of a "Special Warranty Deed" dated February 4, 2010 (the "2010 Deed.") Cohen points out that this deed does not contain language of conveyance, but concedes that at a minimum it is a quit claim deed (Brief filed by Cohen's counsel on January 21, 2015.) On August 8, 2013, a "Correction Deed" was issued. Cohen claims that these transactions were fraudulent transfers which give rise to his claims.

The facts are fully developed, to the extent necessary to rule on this Motion. For that reason Cohen's motion for continuance has been denied in a separate order.

Most of the parties' factual recitations are unrelated to the issues presented in the Motion. The relevant facts are simple and uncontested. Cohen had a "Claim" and was a "Creditor" as defined in Texas Business and Commerce Code 24.002(3) and (4), respectively. As those terms are defined, he is entitled to pursue a TUFTA action even if his claim is disputed. TUFTA Section 24.001(a)(1) defines actual fraud, and section 24.006 defines constructive fraud. The parties have spent much briefing on these elements. Facts related to these claims do not matter, however, if the claim is "extinguished" under section 24.010. This is the Court's focus.

A fraudulent transfer claim is extinguished four years after the date of the transfer. Section 24.007(1)(A) states that a transfer of real property occurs when it is perfected against a third party. Whether a quit claim or something more, the 2010 Deed was filed of record on February 4, 2010 and thus perfected. It was a "transfer." Cohen's TUFTA claim was filed more than four years later on November 17, 2014. Cohen's fraudulent transfer claim is extinguished.

Cohen admits that he had actual knowledge of the 2010 Deed in April of 2010. For purposes of Cohen's other claims it does not matter whether the 2010 Deed was a nullity, a quit claim, or something else. His April 2010 actual knowledge was an accrual of all other claims. The Statute of Limitations has run on all such claims.

Cohen's only remaining claim, briefly mentioned at the hearing of this matter but not found in the pleadings, is that his lien attached to the Property and remains there, whether the Property was transferred or not. It is uncontested that his lien against the Property, if it ever existed, was never filed. The only lien available then is equitable in nature by way of court order. The Court's Default Judgment Order in Cause No. 2013-41051 entered on November 13, 2014, by the 269th District Court granted Cohen a lien in "Preston Realty Corporation's Interest" in the Property. Preston Realty Corporation does not own any interest in the Property, and did not as of the date of the Default Judgment. Since Cohen cannot trace Preston Realty Corporation's interest to the next transferee through TUFTA, and has no lien other than what was imposed by the 269th District Court, Cohen has no further claim to pursue in this matter.

Accordingly, the Motion is GRANTED as to all of Cohen's claims, against all of the Tour Partners Parties.

3

IT IS SO ORDERED.

SIGNED on the 23 day of Jan. , 2015.

_____
JUDGE JEFF SHADWICK

4

3/30/2015 4:56:22 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4700090
By: FLORES, DANIEL
Filed: 3/30/2015 4:56:22 PM

CAUSE NO. 2013-68181

P-1

MFSJY

| | | |
|---|---|---|
| ELLINGTON F HOLDINGS, L.L.C. and R. DAVID DENENBURG, *Plaintiffs,* | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| TOUR PARTNERS, LTD., EIGHTEEN INVESTMENTS, INC., DENNIS J. WILKERSON, HENAMAN, INC., STANTON P. HENAMAN, and CAPITAL TITLE OF TEXAS, L.L.C., *Defendants,* | § § § § § § § | |
| and | § | |
| TOUR PARTNERS, LTD., *Third-Party Plaintiff,* | § § § | HARRIS COUNTY, TEXAS |
| v. | § § | |
| JAY H. COHEN, *Third-Party Defendant.* | § § | 55TH JUDICIAL DISTRICT |

ON
ORDER ~~GRANTING~~ TOUR PARTNERS' SUPPLEMENTAL
MOTION FOR SUMMARY JUDGMENT AGAINST COHEN

On this day, the Court came to consider Tour Partners, Ltd.'s Supplemental Motion for

Summary Judgment Against Cohen (the "Motion"). After considering the facts, law, and

argument of counsel, the Court has decided to ~~grant~~ deny the Motion. Cohen's claims have already been

dismissed. The motion invites the Court to issue an advisory opinion, which the Court declines to do.

~~In addition to the grounds set forth in the Court's January 23, 2015 Order Granting Tour~~

~~Partners Parties' Motion for Summary Judgment Against Cohen's Claims, the Court finds that~~

~~Cohen's claims for (1) fraudulent transfer, (2) unjust enrichment, and (3) fraud in a real estate~~

~~transaction are barred by *res judicata.*~~

Signed on the 22 day of April , 2015

_____
Judge Presiding

Exhibit 7

**Sam Haren**

| | |
|---|---|
| **From:** | Walter Cicack |
| **Sent:** | Monday, November 16, 2015 7:28 PM |
| **To:** | Sam Haren; George May |
| **Subject:** | RE: Status of Appeal |

George, would you at least give us the professional courtesy of a response? Thank you.

Walter Cicack
(713) 658-9003 (direct)

---

**From:** Sam Haren
**Sent:** Monday, November 16, 2015 11:02 AM
**To:** Walter Cicack <wcicack@hmgnc.com>; George May <george@twomeymay.com>
**Subject:** RE: Status of Appeal

George,

After the expiration of last Friday's deadline, Walter asked me to touch base with you regarding your appeal. Do you still intend to go forward with Cohen's remaining case?

Thanks,

Sam

---

**From:** Walter Cicack
**Sent:** Tuesday, November 10, 2015 10:24 AM
**To:** George May <george@twomeymay.com>
**Cc:** Sam Haren <sharen@hmgnc.com>
**Subject:** Status of Appeal

George, it appears that you decided not to file a brief in the appeal of Judge's Hinde's judgment despite the fact that you said you were going to do so and instructed me to inform the court of appeals that you were going to do so. I will not even ask you what you intend to do in the other appeal since I cannot rely on your answer. But I do have a simple question-- do you oppose our motion asking for leave to allow us to file our brief after you file your brief? As you know, if Cohen does not pursue the appeal, our appeal point is moot and briefing would not be required. Please let me know your position on this by 3 pm tomorrow. If you have any questions, please let me know. Thank you for your consideration.

**Walter J. Cicack**
Partner

# HAWASH MEADE
## HAWASH MEADE GASTON NEESE & CICACK LLP

2118 Smith Street | Houston, TX 77002
tel (713) 658-9003 | mobile (713) 299-2127
fax (713) 658-9011

**website** | **vCard** | **map** | **email**

This email may be a privileged communication. If you are not the intended recipient, please delete it.

Exhibit 8

## Sam Haren

**From:** Walter Cicack
**Sent:** Tuesday, November 10, 2015 10:24 AM
**To:** George May
**Cc:** Sam Haren
**Subject:** Status of Appeal

George, it appears that you decided not to file a brief in the appeal of Judge's Hinde's judgment despite the fact that you said you were going to do so and instructed me to inform the court of appeals that you were going to do so. I will not even ask you what you intend to do in the other appeal since I cannot rely on your answer. But I do have a simple question-- do you oppose our motion asking for leave to allow us to file our brief after you file your brief? As you know, if Cohen does not pursue the appeal, our appeal point is moot and briefing would not be required. Please let me know your position on this by 3 pm tomorrow. If you have any questions, please let me know. Thank you for your consideration.

**Walter J. Cicack**
Partner

# HAWASHMEADE
## HAWASH MEADE GASTON NEESE & CICACK LLP

2118 Smith Street | Houston, TX 77002
tel (713) 658-9003 | mobile (713) 299-2127
fax (713) 658-9011

**website | vCard | map | email**

This email may be a privileged communication. If you are not the intended recipient, please delete it.

ACCEPTED
14-15-00392-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/8/2015 4:55:58 PM
CHRISTOPHER PRINE
CLERK

NO: 14-15-00392-CV

IN THE FOURTEENTH DISTRICT COURT OF APPEALS

AT HOUSTON, TEXAS

*JAY H. COHEN,*

*Appellant*

**v.**

*TOUR PARTNERS, LTD,*

*Appellee*

From the 269th Judicial District Court of Harris County, Texas
Trial Court Cause No. 2013-41051

**APPELLANT'S UNOPPOSED FIRST MOTION FOR 30-DAY
EXTENSION OF TIME TO FILE APPELLANT'S BRIEF**

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Pursuant to Texas Rule of Appellate Procedure 26.3, Appellant Jay H. Cohen files this Unopposed Motion for Extension of Time to File his Appellant's Brief, which motion complies with Rule 10.5(b), and in support thereof would respectfully show as follows:

1. This is an appeal from a final judgment in Cause No. 2013-41051; *Jay H. Cohen v. Tour Partners, Ltd. and Preston Realty Corporation;* in the 269th Judicial District Court of Harris County, Texas.

# Exhibit 9

2.   On January 28, 2015, after remaining claims were non-suited, the trial court signed its final judgment making final the trial court's previous summary judgments.

3.   On February 27, 2015, Mr. Cohen filed his motion for new trial. The trial court did not rule on Mr. Cohen's motion for new trial, which was overruled by operation of law on May 13, 2015. Tex. R. Civ. P. 329b(c).

4.   Mr. Cohen filed his notice of appeal on April 28, 2015, the clerk's record and reporter's record have been requested, payment has been made and the record has been filed with the clerk of the Fourteenth Court of Appeals.

5.   Appellant Mr. Cohen's deadline to file his brief was set for Friday, July 10, 2015.

6.   Appellant Mr. Cohen respectfully requests that the Court of Appeals extend time for Mr. Cohen to file his Appellant's Brief until the Monday following thirty (30) days from the current deadline, which would make Appellant's Brief due on Monday, August 10, 2015.

7.   This is Mr. Cohen's first request for an extension of time for filing Appellant's Brief. Appellee's counsel has indicated via email to Appellant's counsel that Appellee does not oppose this motion.

8.   Appellant Mr. Cohen does not seek this extension for the purposes of delay. In June of 2015, Appellant's counsel George May's docket was

crowded with numerous matters including the following:

(1) Resumption of abated trial in Cause No. 12-DCV-198696, *OGAB Investments, LLC v. Salvador Perez Suarez A/K/A Salvador Perez Zuarez, and Sandra Suarez,* in the 268th Judicial District Court of Fort Bend County, Texas;

(2) Mediation and trial preparation in Cause No. 2011-DCV08463; *Rojana Hannah v. Ray V. Gutierrez*; In the 34th District Court of El Paso County, Texas;

(3) Mediation and trial preparation in Cause No. CV-0073952; *Matthew D. Wiggins v. Amelia Kelly*; In County Court at Law No. 2, Galveston County, Texas;

(4) Motion for New Trial due and filed in Cause No.: 2013-68181; *Ellington F. Holdings, LLC and David R. Denenburg v. Tour Partners, Ltd. et al*; In the 55th Judicial District of Harris County, Texas;

(5) Motion for New Trial due and filed in Cause No. 2012-23146, *DG Interests v. Jim-Daniels Nnah*, In the 270th District Court of Harris County, Texas; and

(6) Several other matters including conducting discovery, completing several settlement negotiation and fulfilling same, discovery matters, and other time-sensitive matters for various clients.

9. In addition to these professional demands, Appellant's counsel's had family obligations during the first week of July while counsel's family members come to Houston to spend the Fourth of July weekend with counsel's father-in-law who has suffered a series of strokes and is bedridden.

10. Appellant's counsel and his wife have a child still at home and have a pre-paid vacation to Alaska from July 23 to August 2, 2015.

3

11.    Appellant's counsel was unable to review the record and prepare a brief to aid the Court by the current deadline due to the above referenced profession and family matters.

12.    Appellant Mr. Cohen does not seek this extension for the purpose of delay but only so that justice may be served.

PRAYER

For all these reasons, Appellant Jay H. Cohen respectfully requests a 30-day extension of time for filing his Appellant's Brief from July 10, 2015, until August 10, 2015, and for such further relief to which he may be justly entitled.

TWOMEY | MAY, PLLC

*/s/ George F. May/*

George F. May
TBA NO. 24037050
2 Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000 [Telephone]
(832) 201-8485 [Telecopier]
george@twomeymay.com

Counsel for Appellant, Jay H. Cohen

## CERTIFICATE OF CONFERENCE

I certify that on July 8, 2015, I conferred with Sam Haren, counsel for Appellee, via email and counsel stated that Appellee is not opposed to this motion.

*/s/ George F. May/*

George F. May

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on counsel for Appellee as listed below on July 8, 2015 as follows:

Walter J. Cicack
wcicack@hmgnc.com
**HAWASH MEAD GASTON NEESE & CICACK, LLP**
2118 Smith Street
Houston, Texas 77002
Telephone: (713) 658-9001
Facsimile: (713) 658-9011

Attorneys for Appellee Tour Partners, Ltd.

By (check all that apply)
- ☐ personal delivery
- ☐ mail
- ☐ commercial delivery service
- ☒ fax, email, or electronic service

*/s/ George F. May/*
George F. May

Date: July 8, 2015

5